IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

A.R.,

      **Plaintiff,**

      v.

**WYNDHAM HOTELS & RESORTS, INC.**, *et al.*,

      **Defendants.**

Civil Action 2:21-cv-4935
Chief Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

### REPORT AND RECOMMENDATION

This matter is before the Court for review of Plaintiff's Motion to Appoint Magistrate Judge Deavers and Magistrate Judge Vascura to the Related Human Trafficking Cases Against Hotels. (ECF No. 38 (the "Motion to Appoint").) On May 10, 2022, the Court addressed the possibility of appointing a special master and ordered the parties to file a joint memorandum summarizing the parties' positions on various related issues. (*See* Order, Case No. 2:19-cv-849, ECF No. 408.) On June 9, 2022, the parties filed a Joint Memorandum Regarding Appointment of a Special Master. (ECF No. 52 (the "Joint Memorandum").) For the reasons that follow, construing the subject Motion to Appoint as a motion to appoint a special master, it is **RECOMMENDED** that the Court **DENY WITH PREJUDICE** the Motion to Appoint as it pertains to all related cases filed before 2022, and that the Court **DENY WITHOUT PREJUDICE** the Motion to Appoint as it pertains to all related cases filed in or after 2022.

### I.  BACKGROUND

At the time of this Report and Recommendation, this case is but one of seventeen (17) related actions pending in this District. Each of these related actions was filed by the same

counsel and arises under the Trafficking Victim Protection Reauthorization Act of 2008, 18 U.S.C. § 1595 (the "TVPRA"). As summarized below, most of these related cases[1] have been filed in the past five months:

| Case Number | Case Caption | Date Filed |
|---|---|---|
| 2:19-cv-849 | *M.A. v. Wyndham Hotels & Resorts, Inc., et al.* | March 8, 2019 |
| 2:21-cv-4933 | *T.P. v. Wyndham Hotels & Resorts, Inc., et al.* | October 2, 2021 |
| 2:21-cv-4934 | *A.W. v. Red Roof Inns, Inc., et al.* | October 2, 2021 |
| 2:21-cv-4935 | *A.R. v. Wyndham Hotels & Resorts, Inc., et al.* | October 2, 2021 |
| 2:21-cv-5022 | *C.T. v. Red Roof Inns, Inc., et al.* | October 12, 2021 |
| 2:22-cv-1924 | *L.G. v. Red Roof Inns, Inc., et al.* | April 9, 2022 |
| 2:22-cv-2682 | *G.P. v. Wyndham Hotels & Resorts, Inc., et al.* | July 2, 2022 |
| 2:22-cv-2683 | *K.C. v. Choice Hotels International, Inc., et al.* | July 2, 2022 |
| 2:22-cv-2690 | *R.C. v. Choice Hotels International, Inc., et al.* | July 5, 2022 |
| 2:22-cv-2734 | *S.C. v. Wyndham Hotels & Resorts, Inc., et al.* | July 8, 2022 |
| 2:22-cv-2861 | *S.R. v. Wyndham Hotels & Resorts, Inc., et al.* | July 19, 2022 |
| 2:22-cv-3080 | *J.S. v. Choice Hotels International, Inc.* | August 9, 2022 |
| 2:22-cv-3185 | *T.E. v. Wyndham Hotels & Resorts, Inc., et al.* | August 19, 2022 |
| 2:22-cv-3202 | *B.D.G. v. Choice Hotels International, Inc.* | August 21, 2022 |
| 2:22-cv-3203 | *P.S. v. Six Continents Hotels, Inc., et al.* | August 21, 2022 |
| 2:22-cv-3256 | *A.K.W. v. Red Roof Inns, Inc., et al.* | August 26, 2022 |
| 2:22-cv-3340 | *J.C. v. G6 Hospitality, LLC* | September 2, 2022 |

Separately, Plaintiffs' counsel has advised the Court that they anticipate filing at least one additional related case, and that they "will continue to file batches of complaints on a rolling basis as further investigations are completed." (ECF No. 54.)

On April 10, 2022, one day after the *L.G.* case was filed, Plaintiff in this action filed the subject Motion to Appoint, moving the Court "to appoint both Magistrate Judge Deavers and Magistrate Judge Vascura to this action and the other related sex trafficking cases against hotel defendants." (ECF No. 38.) Plaintiff submitted that the request was "akin to a request to appoint

---

[1] Given the high number and rolling nature of Plaintiffs' filings, the Clerk's Office has not yet been able to formally designate all of these cases as "related." For purposes of this Report and Recommendation, however, the Undersigned considers all of the above cases to be related and that they will all be assigned to the above captioned presiding judicial officers.

2

a special master," and argued that because Plaintiff's counsel anticipated filing a number of new related cases, the Undersigned "has a heavy lift on the horizon to manage discovery." (*Id.*) To this end, Plaintiff argued that the "second round of cases would benefit significantly from coordination . . . [and] from an additional Magistrate Judge to help shepherd the discovery." (*Id.*)

On May 10, 2022, the Court held a Status Conference. (*See* Transcript, Case No. 19-cv-849, ECF No. 409.) During the Status Conference, the presiding Chief Judge advised counsel that "I can't imagine a scenario where I would appoint two of our Magistrate Judges to act as special masters" because "[t]hat would be a tremendous waste of judicial resources." (*Id.* at PAGEID # 4687.) The presiding Chief Judge added, however, that "I can imagine a scenario, however, where I would be willing to appoint a special master to deal with the e-discovery issues." (*Id.*) Accordingly, the presiding Chief Judge directed the parties to file a joint memorandum summarizing the parties' positions on various issues related to the potential appointment of a special master. (*Id.* at PAGEID ## 4688-4695.)

On June 9, 2022, the parties filed the Joint Memorandum. (ECF No. 52.) For their part, Plaintiffs[2] noted that the Court had "orally denied" the subject Motion to Appoint during the May 10, 2022 Status Conference, but nevertheless proposed that a special master should be appointed to "help deal with discovery issues, such as: discovery disputes between the parties; conduct of depositions; recommendations with respect to motions to compel; case management orders; and production of documents including privilege and confidentiality objections." (*Id.* at PAGEID ## 321, 329.)

---

[2] At the time of the Joint Memorandum, there were only six Plaintiffs in the related cases.

In response, Defendants[3] generally opposed the appointment of a special master, arguing that there are no extraordinary circumstances warranting such action and that appointing a special master at this time would be contrary to the spirit of Rule 53. (*See generally* ECF No. 52.) Specifically, Defendant Choice argued that the appointment of a special master "will only cause unnecessary expense for the parties," and noted that the Judicial Panel on Multidistrict Litigation (the "JPML") already denied Plaintiff's motion for multidistrict litigation "for many of the same reasons a single special master would not result in efficiencies in the pending and threatened cases." (*Id.* at PAGEID ## 322-323 (citing *In re Hotel Indus. Sex Trafficking Litig.*, No. MDL 2928, 2020 WL 581882 (U.S. Jud. Pan. Mult. Lit. Feb. 5, 2020).) Additionally, other Defendants, including Defendant G6, argued that appointment was unnecessary because certain Defendants were only involved in one case, and because in some of the cases, "the parties have not yet engaged in any formal discovery and there are no discovery disputes." (*Id.* at PAGEID # 325.) To this end, Defendant IHG added that given the uncertainty of how many related cases Plaintiffs' counsel will file, "Plaintiff's request for a special master is premature at best." (*Id.* at PAGEID # 326.)

On June 15, 2022, in response to some of the concerns raised by Defendants in the Joint Memorandum, the Court directed Plaintiff's counsel to "identify with greater specificity, if possible, the total number of new related human trafficking cases that have been or will be filed,

---

[3] The responding Defendants were Defendants Ash Management, Inc.; Best Western International, Inc.; Buckeye Hospitality, Inc.; Choice Hotels International, Inc. ("Choice"); Dream Land Hotels, LLC; G6 Hospitality LLC ("G6"); First Hotel Management, LCC and Brice Hotel, Inc.; Holiday Hospitality Franchising LLC and Six Continents Hotels, Inc. (collectively, "IHG"); Krrish Lodging, LLC; MGH Hospitality, Inc.; Red Roof Inns, Inc. and Red Roof Franchising, LLC; S&S Airport Motel, LLC; and Wyndham Hotels & Resorts, Inc. (collectively, "Defendants'). Two other Defendants in the related cases, Columbus Hospitality, LLC and American Hotel & Lodging Association, did not respond.

and to clarify whether the new related human trafficking cases have been or will be filed in the Southern District of Ohio." (ECF No. 53.) On June 22, 2022, Plaintiff advised the Court that "[c]ounsel for Plaintiffs in these related matters have held off on filing batches of cases in the good faith belief that holding off until such an appointment is made would help alleviate any unnecessary, extra work for the Court," and reported that "Plaintiffs' counsel anticipates filing [] five (5) cases by the end of next week and will continue to file batches of complaints on a rolling basis as further investigations are completed." (ECF No. 54.) Since that time, Plaintiffs' counsel has filed eleven (11) related cases, and the Undersigned anticipates that Plaintiffs' counsel will continue filing related cases.[4]

## II. ANALYSIS

The purpose of a special master is "to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause." *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957). To this end, Federal Rule of Civil Procedure 53 authorizes the appointment of a special master under the following circumstances:

> Unless a statute provides otherwise, a court may appoint a master only to:
>
> (A) perform duties consented to by the parties;
>
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>
> >  (i) some exceptional condition; or
>
> > (ii) the need to perform an accounting or resolve a difficult computation of damages; or

---

[4] In the June 22, 2022 Status Report, Plaintiff's counsel reported anticipating that Plaintiff "N.J." also would be filing a related case in the near future. (ECF No. 54 at PAGEID # 346.) It does not appear to the Undersigned, however, that Plaintiff "N.J." has yet filed a complaint.

(C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53(a)(1). Additionally, "[i]n appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3).

Against that backdrop, the Undersigned considers the subject Motion to Appoint. Rather than considering Plaintiff's proposal to appoint an additional Magistrate Judge to help oversee discovery (a request which the Undersigned agrees the Court orally denied during the May 10, 2022 Status Conference), the Undersigned only considers Plaintiff's proposal insofar as it generally seeks the appointment of a special master. And although the Undersigned agrees with Plaintiffs that the Court "has a heavy lift on the horizon to manage discovery" in these related cases, Plaintiffs have failed to demonstrate how appointment of a special master is warranted under Federal Rule of Civil 53.

The Undersigned finds the JPML's denial of Plaintiffs' previous effort to centralize these related actions for multidistrict litigation to be instructive. As the JPML noted,

> Movants rely on broad similarities among the actions to support their request for centralization, emphasizing similar alleged failures by hotels to prevent sex trafficking and the importance of corporate responsibility. More specifically, they argue that all plaintiffs were victims of commercial sex trafficking at one or more hotels, that defendants knew or should have known that plaintiffs were being trafficked, and that defendants participated and knowingly financially benefitted by renting rooms to the alleged traffickers in violation of the TVPRA. We recognize the seriousness of these allegations and are sympathetic to counsel's concern for the fair treatment of victims. But the concerns they have raised do not satisfy the requirements of Section 1407. The vast majority of actions involve different hotels, with the sole exception of the four *Jane Doe* actions in the Northern District of Georgia. Apart from the Georgia actions, **each action involves different alleged sex trafficking ventures, different hotel brands, different owners and employees, different geographic locales, different witnesses, different indicia of sex trafficking, and different time periods. Thus, unique issues concerning each plaintiff's sex trafficking allegations predominate in these actions.**

> **Indeed, there is no common or predominant defendant across all actions, further indicating a lack of common questions of fact.**

*In re Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp. 3d at 1355–56 (emphasis added; internal footnotes omitted).  While the Undersigned does not conflate the standards for multidistrict litigation consolidation under 28 U.S.C. § 1407 with those for the appointment of a special master under Rule 53, the Undersigned believes that the same facts which precluded consolidation also weigh against the appointment of a special master at this time.  Most significantly, the critical facts underlying each Plaintiff's experience with the Defendants are wholly unique, and there remains "no common or predominant defendant across all actions." *Id.*  These facts raise serious questions about the efficiency of appointing a special master, questions to which Plaintiffs have not provided any reassuring answers.  Rather, it occurs to the Undersigned that the most significant common element in these related cases for purposes of Plaintiffs' request is the identify of Plaintiffs' counsel.  While it undoubtedly would be more efficient from Plaintiffs' counsel's perspective if the Court appointed a special master or took some other action to streamline the litigation of these related cases, it would be inappropriate for the Court to manipulate Rule 53 for the benefit of one potentially overburdened law firm.

An additional consideration which weighs strongly against the appointment of a special master is the fact that the related actions are at dramatically different stages of litigation.  To this end, the Undersigned agrees with Defendant Choice that the appointment of a special master would effectively halt the progress the Court has made with the parties in the *M.A.* case, and it would be entirely unjust for those parties[5] to put the *M.A.* case on hold while a special master

---

[5] The Undersigned notes that the Defendants in the *M.A.* case are only named in a handful – if any – of the other related cases.  Specifically, by the Undersigned's count, Defendant Wyndham Hotels & Resorts, Inc. is named in eight (8) other related cases; Defendant Choice Hotels International, Inc. is named in six (6) other related cases; Defendants Holiday Hospitality

7

gets "up to speed" on the various complicated issues that have been extensively litigated over the past three-and-a-half years.[6] The same can be said for the *T.P.*, *A.W.*, *A.R.*, and *C.T.* cases, all of which were filed before 2022 and are well into discovery. By contrast, the twelve (and counting) cases filed in 2022 are still in their infancy, as the Court has not even held a Preliminary Pretrial Conference in any of those cases.

For this reason, the Court views the related cases as falling into two groups: those filed before 2022, and those filed during (and potentially after) 2022. As discussed above, the Undersigned believes it would be inappropriate to appoint a special master for any of the cases filed before 2022. The parties do not consent to a special master, no exceptional conditions exist, and the Undersigned sees no reason to believe that discovery and other pretrial matters in these cases cannot continue to be effectively and timely addressed by the Court. Accordingly, it is **RECOMMENDED** that the Court **DENY WITHOUT PREJUDICE** Plaintiff's Motion to Appoint as it pertains to the related cases filed before 2022.

The Undersigned shares the same concerns for the remaining cases, but ultimately concludes that it is inappropriate to close the door on this issue given the uncertain landscape of this "second wave" of cases. Accordingly, it is **FURTHER RECOMMENDED** that that the

---

Franchising, LLC and Six Continents Hotels, Inc. are named in four (4) other related cases; and Defendants Ash Management, Inc.; Buckeye Hospitality, Inc.; Columbus Hospitality, LLC; Dream Land Hotels, LLC; First Hotel Management, LCC and Brice Hotel, Inc.; Krrish Lodging, LLC; MGH Hospitality, Inc.; and S&S Airport Motel, LLC are named in zero (0) other related cases. Also of note, the *M.A.* case does not name several Defendants which are named in multiple other related actions, including Best Western International, Inc.; G6 Hospitality LLC; Red Roof Inns, Inc.; and Red Roof Franchising, LLC.

[6] The Undersigned notes that when opposing a recent Motion to Intervene filed by Erie Insurance Exchange, Plaintiff M.A. argued that "[t]his case has progressed too far for Erie to intervene now" because it was "deep in discovery and depositions." (*See* Case No. 19-cv-849, ECF No. 413 at PAGEID # 4849.)

Court **DENY WITHOUT PREJUDICE** Plaintiff's Motion to Appoint as it pertains to the related cases during 2022, and/or to any other cases filed in the future.  Perhaps, once all of the cases have been filed, the parties will agree that a special master should be appointed for certain purposes, or maybe the number of cases will overwhelm the Court to such a degree that the Court cannot continue to effectively and timely address the parties' concerns.  Or perhaps the circumstances will warrant another creative solution.[7]  The possibilities are nearly endless, and the Undersigned feels no obligation to entertain so many hypotheticals at this point.  Rather, given the uncertainty looming over these recently-filed (and soon-to-be-filed) cases, the Undersigned simply believes that the best course of action is to wait and see.

### III.  CONCLUSION

For the reasons stated above, the Undersigned **RECOMMENDS** that the Court **DENY WITH PREJUDICE** the Motion to Appoint, ECF No. 38, as it pertains to all related cases filed before 2022, and that the Court **DENY WITHOUT PREJUDICE** the Motion to Appoint as it pertains to all related cases filed in or after 2022.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[7] The Court notes that the United States District Court for the Northern District of Georgia has severed similar TVPRA-related claims from four separate lawsuits, all relating to the same two Red Roof Inn hotels, and consolidated those claims into a new civil action "to streamline the administration of [those] claims."  *See* Order of Severance and Consolidation, *Jane Doe 1, et al. v. Westmont Hospitality Group, Inc., et al.*, N.D. Ga. Case No. 1:21-cv-4278-WMR, ECF No. 1 (Oct. 12, 2021).

9

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: September 8, 2022**   /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**